# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE DAVIS, | ) | CASE NO. 4:19 CV 1956 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MARK WILLIAMS, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Andre Davis filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is currently incarcerated in the Elkton Federal Correctional Institution, having been convicted in 2009 in the United States District Court for the District of Kansas on charges of conspiracy to distribute a mixture of substance containing detectable amount of cocaine, possession with intent to distribute a mixture of substance containing detectable amount of cocaine, and interstate travel in aid of racketeering enterprises. In his Petition, he contends he is entitled to a sixteen month credit on his federal sentence for time he served in state custody from September 8, 2007 to September 9, 2009. He contends that the Bureau of Prisons does not have the authority to grant him credit for his pretrial detention, so he seeks a §5G1.3 downward departure under the sentencing guidelines on his federal sentence to reflect the sixteen months he was held in state custody prior to starting his federal sentence.

## I.    Procedural Background

Petitioner was arrested by Indiana state authorities on September 7, 2007 on outstanding warrants. He was sentenced in the Marion County Superior Court on September 18, 2007 to 45 years incarceration for trafficking in cocaine and possession of cocaine.

On November 21, 2007, Petitioner was temporarily taken into federal custody by the United States Marshals on a Writ of Habeas Corpus Ad Prosequendum. He was convicted at trial of conspiracy to distribute cocaine, possession with intent to distribute cocaine, and interstate travel in aid of racketeering enterprises. Petitioner had a prior conviction from Indiana from 1993. The Court determined that this conviction triggered a mandatory minimum sentence of twenty years or 240 months under 21 U.S.C. § 841.

Petitioner contends the Judge wanted to mitigate the amount of time he spent in prison. He claims this is evidenced by the Judge's comments at sentencing:

> And you're right, this is a considerable period of time. And while most judges I know are not big fans of the sentencing guidelines, we could live with the guidelines where we have a little discretion. These mandatory minimum sentences are very difficult and there is nothing that anybody likes about these mandatory minimums. ... That having been said, we are dealing with mandatory minimum sentence in your case. And so, you know what you're looking at. I have got no problem at all running your sentence concurrent with the 45-year sentence, so you'll be done with this before you are your other one, and, of course you'll also, assuming that things go reasonably well while you are inside, you'll get good time as well. So you'll have this finished up, I think well ahead of the time that your state sentence is done.

(Doc. No. 1-2 at 45-46). The Judge also called him a stand-up guy for complimenting both the United States Attorney and his defense attorney in his final statement to the Court before sentence was imposed. The Judge noted, "That's something we don't see very often." (Doc. No. 1-2 a 47).

The Court then sentenced Petitioner to 240 months incarceration on Counts One and Two and to 60 months on Count Three, all to be served concurrent with each other and concurrent to his state sentence. Petitioner then was returned to Indiana state authorities on April 16, 2009.

In February 2018, the State of Indiana reduced Petitioner's sentence from 45 years to 35 years and modified it to community corrections. He was released to the federal authorities on February 12, 2018.

Petitioner now seeks an earlier release from federal custody as well. He claims that by allowing his federal sentence to run concurrent to his state sentence, the judge intended for his federal sentence to begin when his state sentence began. He further alleges that notice of the prior drug felony was defective under 21 U.S.C. § 851 and therefore the mandatory minimum sentence of 240 months under 21 U.S.C. § 841 should not have applied. He claims the guidelines would have placed his sentence at 151 months. He argues that the Judge could have accounted for the sixteen months in state custody prior to his federal sentencing by granting him a downward departure under U.S.S.G. § 5G1.3(b)(1). That would have given him a sentence of 121 months. With good time credits applied, he would have been released from prison. He indicates that the Bureau of Prisons does not have the authority to award him the credit for time in state custody because that time was credited to his state sentence. He asks this Court to resentence him, this time rejecting the mandatory minimum sentence and granting him a § 5G1.3 downward departure of sixteen months.

## II.    Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to

-3-

prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243)

### III.    Discussion

As an initial matter, this Court cannot resentence Petitioner to grant him a downward departure under the guideline or discard the statutory mandatory minimum sentence. A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). This Court cannot review his current sentence and grant a downward departure under the guidelines or negate a mandatory minimum sentence imposed by the sentencing Court..

This Court's inquiry under 28 U.S.C. § 2241 is limited to whether the Bureau of Prisons properly calculated his credit for pre-sentence detention. Once a Defendant is sentenced in Federal Court, the Attorney General, through the Bureau of Prisons ("BOP"), is responsible for administering the sentence. *See* 18 U.S.C. § 3621(a). To compute a federal sentence, the BOP must first determine the commencement date of the federal sentence. By statute, a federal sentence commences "on the

date the Defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not commence until a prisoner is actually received into federal custody solely for that purpose. *Gonzalez v. Rushing*, 4:12 CV1274, 2012 WL 2127728 (N.D. Ohio June 11, 2012).

Thereafter, the BOP must apply any jail-time credit to which the offender may be entitled under 18 U.S.C. § 3585(b). Specifically, 18 U.S.C. §3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Here, the Petitioner remained in primary custody of the State of Indiana between the time he was taken into custody by the Indiana authorities and the time he was returned to state prison after his federal trial. Time spent in the custody of the United States Marshal pursuant to a federal writ of habeas corpus ad prosequendum from state custody does not qualify as federal custody in connection with the federal offense. *Nguyen v. Department of Justice*, No. 97-6489, 1999 WL 96740 (6th Cir. Feb. 3, 1999) (holding that time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum while serving a state sentence could not be applied to a federal sentence because the time was credited to the state sentence). The Petitioner was only "borrowed" by federal authorities. That time was credited toward his state sentence. Petitioner is not entitled to "double

counting" by receiving credit toward his federal sentence for these same amounts of time. Petitioner has not demonstrated he is entitled to relief under 28 U.S.C. § 2241.

## IV.   Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.


December 26, 2019                                     /s/ John R. Adams
                                                     JOHN R. ADAMS
                                                     UNITED STATES DISTRICT JUDGE